# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:08-CR-48-SDJ-KPJ |
| | § | |
| MARIO TUDON MENDOZA (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Mario Tudon Mendoza's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a final revocation hearing on November 7, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto on November 7, 2022. The Government was represented by Assistant United States Attorney Ernest Gonzalez on November 7, 2022. The Court previously conducted a final revocation hearing on October 14, 2022; however, the entire agreement reached between the Government and Defendant was not read into the record. Accordingly, the Court held a further final revocation hearing on November 7, 2022 to correct this deficiency, specifically to read into the record the special conditions that will be imposed during Defendant's term of supervised release.

Defendant was sentenced on September 30, 2008, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute or Dispense or Possess with Intent to Distribute or Dispense Cocaine, a Class A felony. On November 5, 2021, the case was reassigned to The Honorable Sean D. Jordan. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of II, was 120 to 121 months. Defendant was

subsequently sentenced to 132 months imprisonment and five years supervised release, subject to the standard conditions of release, plus special conditions to include comply with immigration officials and report to U.S. Probation if you reenter the United States; financial disclosure; drug treatment; and $100 special assessment. On September 29, 2017, Defendant completed his period of imprisonment and was transferred to the custody of immigration officials. On November 8, 2017, Defendant was deported to Mexico.

On November 8, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 65, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; and (2) As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. If ordered deported, the defendant shall remain outside the United States. In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country [Dkt. 65 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On October 10, 2021, Defendant was arrested by the Dallas Police Department and charged with Assault on Security Officer, a third degree felony, after punching a uniformed security officer in the head at the Panchos Taco restaurant located at 2445 W Northwest Highway in Dallas, Texas. Additionally, Defendant was deported from the United States to Mexico on November 8, 2017. On October 10,

2021, he was found to be in Dallas, Texas, in violation of Title 8 U.S.C. § 1326 – Reentry of Removed Alien. As of this writing, no formal charges have been filed; and (2) After being deported to Mexico on November 8, 2017, Defendant failed to remain outside the United States as evidenced by his arrest by the Dallas Police Department on October 10, 2021. Additionally, he failed to report to the nearest U.S. Probation Office within 72 hours of his re-entry into the country [Dkt. 65 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition. The Government dismissed allegation 1 of the Petition. Having considered the Petition and the plea of true to allegation 2 of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 80; 81].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twenty-four (24) months, with four (4) years of supervised release to follow.

The Court further recommends reimposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring employment; (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (3) As a condition

of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside of the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 9th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE